UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
B.Z., *individually and on behalf of J.Z.*,

                              Plaintiff,

  -against-

HEWLETT-WOODMERE UNION FREE SCHOOL DISTRICT,

                              Defendant.
----------------------------------------------------------------x

**REPORT & RECOMMENDATION**
23-CV-01759 (OEM) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court on referral from the Honorable Orelia E. Merchant for Report and Recommendation is Plaintiff B.Z.'s ("Plaintiff" or "B.Z.") Motion for Transportation Reimbursement and Attorneys' Costs and Fees against Defendant Hewlett-Woodmere Union Free School District ("Defendant" or the "District"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. *See* Plaintiff's Motion for Transportation Reimbursement and Attorneys' Costs and Fees ("Pl.'s Mot."), Docket Entry ("DE") [21]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's request for attorneys' fees and transportation reimbursement be granted in part and denied in part. The Court recommends that Plaintiff's request for attorneys' fees and costs be denied without prejudice to refile with the required supporting evidence to meet his burden and that Plaintiff's request for transportation reimbursement be granted, requiring Defendant to pay Plaintiff $3,276.64 in transportation costs.

**I.     BACKGROUND**

1

The majority of the facts are taken from the Administrative Record ("AR"),[1] *see* DE [15], and are set forth herein to the extent necessary to provide context for Plaintiff's motion. By way of Complaint filed on March 7, 2023, B.Z., individually and on behalf of his minor child, J.Z., commenced this action against Defendant pursuant to the IDEA. *See* Complaint ("Compl.") DE [1], ¶ 1. Plaintiff seeks review and reversal of State Review Officer ("SRO") Sarah L. Harrington's Decision dated November 16, 2022 ("SRO Decision" or "SRO Dec."). *Id.* The SRO Decision reversed the August 24, 2022, Findings of Fact and Decision by Impartial Hearing Officer ("IHO") Barbara J. Ebenstein ("IHO Decision" or "IHO Dec.") which held, in part, that B.Z. is entitled to tuition and transportation fees from the District for J.Z.'s 2021-2022 academic year (July 2021-June 2022). *See* SRO Dec. at 40-41.

J.Z. is a student with a disability. PE-70. He has Schizoaffective Disorder, Major Depressive Disorder, Social Anxiety Disorder and Generalized Anxiety Disorder. *See id.* As a result of his condition, J.Z. presents various symptoms including visual and auditory hallucinations, intrusive thoughts, severe anxiety and suicidal ideations. *Id.* J.Z. began attending Hewlett High School in the ninth grade and experienced difficulty acclimating to the school and the various alternative placements that the District recommended for J.Z. through his individualized education program ("IEP").[2] *See* Compl. at ¶¶ 29, 30; SRO Dec. at 3-4. J.Z. did not

---

[1] The Administrative Record includes the decision of the State Review Officer, the Findings of Fact and Decisions of the Initial Hearing Officer, exhibits submitted by the Defendant ("DEX"), DE [15-1] and the Plaintiff ("PE") DE [15-2].
[2] "An IEP is a written statement that sets out the child's present educational performance [and] establishes annual and short-term objectives for improvement in that performance[.] . . . For a child's IEP to be adequate, it must be likely to produce progress, not regression." *Y.E. v. Hewlett Woodmere*

earn any high school credits while attending the programs recommended by the District. *See* Compl. at ¶ 34.

In January 2021, B.Z., without a District recommendation, placed J.Z. at Fusion Academy Long Island ("Fusion" or the "Academy"), an institution with 1:1 instruction. *See* PE-70. There J.Z. earned his first high school credits. *Id*.

A May 2021 evaluation of J.Z. conducted by Dr. David J Marks, Ph.D., for the purposes of recommending ongoing treatment and care, advised that J.Z. continue to attend Fusion because he requires the Academy's 1:1 instruction. *See* SRO Dec. at 7-8; PE-39. In June 2021, the District convened a Committee on Special Education ("CSE") meeting to develop J.Z.'s 2021-2022 IEP. *See* SRO Dec. at 7-8. There the Defendant heard information from Fusion staff regarding J.Z.'s progress at the Academy and Dr. Mark's recommendation for J.Z. to remain at Fusion. *See id*. Nevertheless, the District did not recommend J.Z.'s continued placement at the Academy and instead recommended that applications to New York State Approved non-public School programs be sent out on J.Z.'s behalf. *Id*. at 10-11. The District did not recommend a specific non-public School program for J.Z. however. *See* Compl. at ¶ 47. In October 2021, Defendant held a second CSE meeting to provide an alternative recommendation for J.Z. *See* SRO Dec. at 12. This resulted in a recommendation that J.Z. attend Hewlett High School's Twilight Program, a general education program designed for credit recovery. *Id*. at 13.

---

*Union Free Sch. Dist.*, No. 25-CV-01481 (JMA) (JMW), 2025 WL 2637680, at *2 (E.D.N.Y. Sept. 12, 2025).

3

On July 22, 2021, B.Z. filed a due process complaint alleging that Defendant deprived J.Z. of a free and appropriate public education ("FAPE") for the 2021-2022 academic year and seeking tuition reimbursement for Fusion and related transportation costs. *Id.* at 10-12. After an impartial hearing, the IHO held that the District failed to offer J.Z. a FAPE during the 2021-2022 academic year, and J.Z.'s placement at Fusion was appropriately tailored to his needs. *See* SRO Dec. at 40-41. Based on these findings, the IHO ordered that the Defendant pay tuition and reimburse Plaintiff for transportation costs for the 2021-2022 academic year. *See id.* On appeal, the SRO reversed and concluded that the District had offered J.Z. a FAPE for the 2021-2022 school year, and denied B.Z. tuition and transportation reimbursements for J.Z.'s placement at Fusion. *See id.*

Plaintiff filed the Complaint in the instant case on March 7, 2023. *See generally* DE [1]. Defendant answered on April 13, 2023, denying the majority of Plaintiff's allegations and raising 11 affirmative defenses including that Defendant's offered J.Z. a FAPE for the 2021-2022 academic year. *See* Defendant's Answer ("Def.'s Answer"), DE [7] ¶ 1. On April 11, 2024, the parties filed fully briefed Motions for Summary Judgment, including Plaintiff's motion, Defendant's cross-motion and Plaintiff's reply. *See* DEs [18], [19]. The district judge granted Plaintiff's Motion for Summary Judgment and denied Defendant's cross-motion, concluding that Plaintiff is entitled to tuition expenses for J.Z.'s 2021-2022 school year and reimbursement for "reasonable transportation expenses and, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I), reasonable attorneys' fees and costs." DE [20]. Plaintiff was directed to file a

4

"particularized request for transportation reimbursement and attorneys' fees and costs, together with supporting documentation" with the Court by February 28, 2025. *See id.* B.Z. filed a letter requesting the same on February 28, 2025, and Defendant filed a letter with objections on March 12, 2025. *See* DE [21], [22].

## II. ATTORNEYS' FEES AND COSTS

### a. Legal Standard

The IDEA states that a "free appropriate public education is available to all children with disabilities residing in the State [of New York] between ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school." 20 U.S.C. § 1412(a)(1)(A); *see Y.E.*, 2025 WL 2637680, at *2 (quoting 20 U.S.C. § 1412(a)(1)(A)). The IDEA includes a fee-shifting provision which states that "the court, in its discretion, may award reasonable attorneys' fees as part of costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Under the IDEA, the attorneys' fees may cover work performed before the IHO, the SRO, the district court and on appeal. *See S.F. v. New York City Dept. of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187, at *2 (S.D.N.Y. July 13, 2023) (internal citation omitted) (granting Plaintiff's request for attorneys' fees and costs for the administrative proceeding and the federal court litigation).

The Court engages in a two-step inquiry to determine the amount of fees that should be awarded to a moving party. "First, it determines whether the party seeking to enforce the fee-shifting provision is the 'prevailing party.' Second, it determines whether the party 'should be awarded attorneys' fees'" including whether the fees are reasonable. *Id.* at *2 (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 405-07 (2d Cir. 2006)).

In determining a reasonable attorneys' fee award, the Second Circuit has held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). To calculate a reasonable fee award, the court should keep in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190, (2d Cir. 2008). Ultimately, "the reasonableness of an attorney's requested fees is a matter within the district court's discretion." *Bond v. Welpak Corp.*, No. 15-cv-2403 (JBW) (SMG), 2017 WL 4325819, at *4 (E.D.N.Y. Sept. 26, 2017) (internal citation omitted).

### b. <u>Application</u>

Plaintiff requests a total of $146,690.32 in attorneys' fees and costs. *See* Pl.'s Mot. at 1. $78,192.50 is for time spent on the administrative hearing; $27,085.00 for time spent on the SRO appeal; $40,465.00 for litigation in this Court; and the remaining $947.82 for costs occurring across all stages of this litigation. *See* Pl.'s Mot. at 1-2. It is undisputed that B.Z. prevailed in the proceeding before this Court. S*ee* DE [20] (granting Plaintiff's Motion for Summary Judgment). Defendant's opposition argues that (i) Plaintiff's fee request is not sufficiently particularized and (ii) Plaintiff's request includes fees at improperly high rates. *See* DE [22], Defendant's Opposition Letter ("Def.'s Opp. Ltr.") at 3.

### *i. Reasonable Rates*

Under the fee-shifting provision of the IDEA, fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *See C.A. v. New York City Dept. of Educ.*, No. 20-CV-2101 (AMD) (VMS), 2022 WL 673762, at *2 (E.D.N.Y. Feb. 16, 2022) (quoting 20 U.S.C. § 1415(i)(3)(B)(i)(I)), *report and recommendation adopted*, No. 20-CV-2101 (AMD) (VMS), 2022 WL 673272 (E.D.N.Y. Mar. 7, 2022). While some courts recognize that "[t]he community used for purposes of the IDEA fee-shifting litigation is in the district in which the issue arose—specifically, where the student was denied a FAPE," *S.F.*, 2023 WL 4531187, at *3, today's legal markets "are so interconnected that it is no longer meaningful, in assessing a reasonable rate, to look at geographic location alone." *J.G. v. New York City Dept. of Educ.*, 719 F. Supp. 3d 293, 301 (S.D.N.Y. 2024). Here, the Court considers rates from the Eastern and South District of New York as a part of a single market for legal services. *Accord*, Def.'s Opp. Ltr. at 6-7.

Moreover, the Second Circuit has recognized that "[t]o define markets simply by geography is too simplistic. Sometimes, legal markets may be defined by practice area." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 192 (2d Cir. 2008) (omitting internal citations).

In determining a reasonable rate, the Court may also consider the "*Johnson* factors," which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by

the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See S.F.*, 2023 WL 4531187, at *3 ("A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee awards.") (internal quotation mark and citation omitted).[3]

Recent opinions within the Second Circuit addressing IDEA cases have found reasonable hourly rates to be approximately $400 for senior attorneys, and $200 for junior attorneys. *See E.K. and E.K. v. New York City Dept. of Educ.*, No. 23-CV-11276 (LGS) (BCM), 2025 WL 2933573, at *9 (S.D.N.Y. Sept. 5, 2025), *report and recommendation adopted sub nom.* 2025 WL 2753258 (S.D.N.Y. Sept. 26, 2025) ("Even for attorneys with more than twenty years of experience in education law, the prevailing rate for IDEA litigation ranges roughly from $360 to $420 per hour."); *see also S.S.(1) v. New York City Dept. of Educ.*, No. 23-CV-08913 (MMG), 2025 WL 720512, at *4 (S.D.N.Y. Mar. 6, 2025) (ruling that an hourly rate of $410 falls within the prevailing market for senior special education attorneys in the relevant district); *C.A.*, 2022 WL 673762, at *5 (holding that an hourly rate of $425 for a senior attorney in the special-education arena is reasonable); *H.W. v. New York City Dept. of Educ.*, No. 21-CV-08604 (JLR), 2023 WL 5529932, at *9 (S.D.N.Y. Aug. 28, 2023) ("courts in this District generally charge around $225 an hour for attorneys with three or fewer years' experience") (internal citation omitted).

---

[3] The *Johnson Factors* come from the Fifth Circuit decision *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974).

8

"The fee applicant bears the burden of producing satisfactory evidence, in addition to the attorneys' own affidavits, to demonstrate that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation." *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 427 (S.D.N.Y. 2012) (internal quotation marks and citation omitted) (awarding attorneys' fees where counsel submitted affidavits outlining their relevant legal experience and skills to demonstrate that they are entitled to their requested rates); *Duran-Peralta v. Luna*, No. 16-CV-7939 (JSR), 2018 WL 1801297, at *4 (S.D.N.Y. Apr. 2, 2018) (where the petitioner for attorneys' fees failed to provide any justification for their attorney's requested rate, "the Court finds that the petitioner has failed to meet her burden to justify [awarding] fees.")

Plaintiff here seeks fees for three attorneys, and presumably, one paralegal[4] at Thivierge & Rothberg, P.C., ("Thivierge"): for Christina Thivierge, a partner of Thivierge, *see* DE [18-1], Plaintiff seeks a rate of $525 an hour; for Rose Nissen $300 and $400 an hour; and for Katharine Giudice $400 per hour. *See* DE [21-2]. The problem is that the Court is unable to evaluate whether the attorneys are entitled to these requested rates because Plaintiff did not submit affidavits or other evidence establishing the attorneys' qualifications, backgrounds, or experience other than that Christina Thivierge is "a partner at Thivierge & Rothberg, P.C." *See* DE [18-1]. Without more, the Court is unable to assess whether the rates sought are

---

[4] Based on the proposed rates, the Court presumes that the timekeeper "Jaweria Qurashi," which Thivierge seeks an hourly rate of $150 for his one entry of 0.40, is a paralegal.

9

appropriate. Accordingly, the Court recommends that Plaintiff's motion for attorneys' fees be denied without prejudice to resubmit with the sufficient support.

### c. Costs

IDEA also permits the prevailing party to recover costs incurred during a child's representation. *See* 20 U.S.C. § 1415(i)(3)(B)(i). In addition to attorneys' fees, Plaintiff states that he incurred $947.82 in expenses and costs. *See* Pl.'s Mot. at 1. B.Z., however, fails to identify the items or services comprising the costs by affidavit or other means. The Court recognizes that there are various expenses for services such as Federal Express and printing under what appears to be paralegal entry in Plaintiff's timekeeper activity log. *See* DE [21-2]. The Court will not assume these expenses make up the "costs" sought that are associated with this case, however. Accordingly, the Court respectfully recommends that Plaintiff's request for costs also be denied without prejudice to resubmit with the appropriate support.

### III. TRANSPORTATION REIMBURSEMENT

Finally, B.Z. seeks $3,267.64 in transportation reimbursement for travel to Fusion and back during the 2021-2022 academic year. *See* Pl.'s Mot. at 1. Defendant contends that Plaintiff is not entitled to a transportation reimbursement because Plaintiff "fail[ed] to introduce evidence of transportation costs" earlier, and allowing Plaintiff to do so now "would undermine the finality and integrity of such administrative proceedings," and be highly prejudicial to the District. Def.'s Opp. Ltr. at 2. Specifically, Defendant asserts that the untimeliness of Plaintiff's new evidence disrupts the District's financial planning and imposes an undue burden because it is a public entity, and it has a set budget for transportation that it must adhere to. *Id*.

The District further contends that the Uber records produced for reimbursement appear to be for sporadic trips, not accounting for all the days J.Z. should have been in school, and Plaintiff fails to provide additional support explaining this discrepancy. *Id.*

The IDEA provides that "the [district] court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C); *see M.H. v. New York City Dept. of Educ.*, 685 F.3d 217, 225 (2d Cir. 2012) ("the Court reviews the records of all of the prior administrative hearings and must hear additional evidence as so requested by either of the parties."). "[T]he taking of additional evidence is a matter . . . left to the discretion of the trial court." *G.B. ex rel. N.B. v. Tuxedo Union Free School District*, 751 F.Supp.2d 552, 555 n. 1 (S.D.N.Y. 2010) (quoting *Lillbask ex rel. Mauclaire v. Sergi*, 193 F.Supp.2d 503, 506 (D.Conn. 2002)).

The District Court is well within its authority to receive additional evidence from the parties during an IDEA litigation. Even if this were not the case, Plaintiff has sought transportation reimbursement at every stage. *See* Plaintiff's Amended Demand for Due Process, DE [15], 212 (Plaintiff's proposed solution states that "the District should be ordered to reimburse and/or direct funding of the tuition, costs, and expenses for his program at Fusion . . . *and provide special education transportation"*) (emphasis added); DE [15], 79 (Aug. 24, 2022 Order from IHO Ebenstein requiring the Defendant to "[r]eimburse the Father for Uber, or another low cost car service, to

and from Fusion within thirty days of his presentation of paid invoices, credit card statements, or receipts for the 2021-2022 school year.").

In support of his motion for transportation reimbursement, B.Z. submits J.Z.'s attendance records accompanied by screenshots from the Uber or Lyft (together, "Rideshares") applications. *See generally* Pl.'s Mot. at 13-220. The screenshots provide the date of transportation, the pickup and drop off times and addresses, the price of the ride and the number of miles driven. *Id*. Defendant's assertion is correct in that the evidence does not include support for each day that J.Z. attended school during the academic year in question. Instead, Plaintiff's documentation accounts for, and seeks reimbursement of, approximately 60 trips to or from Fusion. For the dates in which B.Z. request transportation reimbursements the evidence establishes that J.Z. attended Fusion and a Rideshare was ordered either to the Academy, from the Academy, or in both directions. See *Araujo v. New York City Dept. of Educ.*, No. 20-CV-7032 (LGS), 2023 WL 5097982, at *5 (S.D.N.Y. Aug. 9, 2023) (holding that Plaintiff is entitled to transportation reimbursement if they can produce adequate documentation. "For clarity Plaintiff[] must provide evidence that [the minor child] physically traveled to and/or from [school] *via* an approved transportation service in order to seek reimbursement.") This is sufficient. Accordingly, this Court recommends that Plaintiff's motion for transportation reimbursement be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for attorneys' fees and costs be granted in part and denied in part.

It is recommended that Plaintiff's request for attorneys' fees and costs be denied without prejudice to refile with the required supporting evidence to meet his burden, and that Defendant reimburse Plaintiff $3,267.64 for J.Z.'s transportation to and from Fusion for the 2021-2022 academic year.

V. **OBJECTIONS**

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days, that is by 12/16/2025. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified period waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 2, 2025

<u>/s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge