UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

B.Z., on behalf himself and his minor child J.Z.,

                       Plaintiff,

  -against-

HEWLETT-WOODMERE UNION FREE
SCHOOL DISTRICT,

                       Defendant.
---------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
23-CV-1759(OEM)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this hotly contested Individuals with Disabilities Education Act ("IDEA") litigation, 20 U.S.C. § 1400, *et seq.*, on referral from Hon. Orelia E. Merchant, is Plaintiff B.Z.'s motion, brought on behalf of himself and his minor child J.Z. ("Plaintiff" or "B.Z."), for an award of attorneys' fees and costs in the total amount of $161,937.32 pursuant to 20 U.S.C. § 1415 (i)(3). *See* Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees ("Pl. Mem."), DE [26-1], at 1. Defendant, the Hewlett-Woodmere Union Free School District ("Defendant" or the "District") opposes. *See* Defendant's Memorandum of Law in Opposition to Plaintiffs' [*sic*] Motion for Attorneys' Fees and Costs ("Def. Mem."), DE [29]. For the reasons set forth below, the Court recommends that the motion be granted in part and denied in part.

I.     **BACKGROUND**

The facts underlying this litigation are set forth in the Court's decision awarding Plaintiff summary judgment. *See* Memorandum & Order, DE [20]. The

1

background relevant to Plaintiff's motion, which Defendant does not dispute unless otherwise indicated, is set forth in Plaintiff's supporting papers. B.Z. retained Plaintiff's counsel, Thivierge & Rothberg, P.C. ("T&R") to represent him on behalf of J.Z. with respect to claims against Defendant relating to the 2021-2022 school year. *See* Declaration of Christina D. Thivierge ("Thivierge Decl."), DE [26-2], ¶ 27. B.Z. agreed to hourly rates of $525 for partners, $300 for associates and $150 for paralegals and law student interns. *Id*. at ¶ 28.

After assessing the merits of the claim, T&R commenced this litigation, filing a due process complaint against the District challenging its plan for J.Z.'s education, referred to as his Individualized Education Program or "IEP" on July 22, 2021, and an amended complaint on November 10, 2021 adding claims. *Id*. at ¶¶ 40-41.

A hearing on the claims was held before an Impartial Hearing Officer ("IHO") on six different dates: April 25, 2022, May 4, 2022, June 8, 2022, June 21, 2022, June 22, 2022 and June 23, 2022. *Id*. at ¶ 42. Nine witnesses testified in total and 40 exhibits were admitted into evidence. *Id*. at ¶ 43. Post-hearing briefs were submitted and ultimately the IHO issued a decision in Plaintiff's favor. *Id*. at ¶¶ 46-47.

The District appealed the IHO's decision with the Office of State Review, which T&R handled with B.Z. paying another retainer fee and agreeing to the same hourly rates above, except that the rate for associate attorneys was increased to $400. *Id*. at ¶¶ 48-49. The State Review Officer ("SRO") reversed the IHO's decision. *Id*. at ¶ 51.

This led B.Z. to an appeal in this Court, represented by T&R at the same rates that applied before the State Review Board. *See id*. at ¶ 52. Ultimately, this Court

granted Plaintiff's motion for summary judgment and denied Defendants' cross-motion for summary judgment.  *See* DE [20].

That decision led to an initial motion for attorneys' fees and costs in this Court submitted on February 28, 2025 with opposition filed on March 12, 2025.  *See* DE [21],[22].  This Court recommended that Plaintiff be awarded transportation costs for the 2021-2022 school year in the amount of $3,267.64 but that the remainder of the motion be denied without prejudice so that Plaintiff could submit appropriate supporting evidence.  *See* DE [23].  This recommendation was adopted by Order dated December 18, 2025.  *See* Elec. Order, Dec. 18, 2025.  The motion presently before the Court followed.  *See* DE [26], [29], [31].

## II.    LEGAL STANDARD

### A.    <u>The General Fee Standard</u>

The IDEA states that a "free appropriate public education is available to all children with disabilities residing in the State [of New York] between the ages of 3 and 21 inclusive. . . ."  20 U.S.C. § 1412(a)(1)(A).  The IDEA includes a fee-shifting provision which states that "the court, in its discretion, may award reasonable attorneys' fees as part of costs to . . . a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  Under the IDEA, the attorneys' fees may cover work performed before the IHO, the SRO, the district court and on appeal.  *See S.F. v. New York City Dep't of Educ.*, 21-CV-11147(PAE), 2023 WL 4531187, at *2 (S.D.N.Y. July 13, 2023) (granting attorneys' fees and costs for administrative and court proceedings).

The Court engages in a two-step inquiry to determine whether, and the amount of, fees that may be awarded. "First, it determines whether the party seeking to enforce the fee-shifting provision is the 'prevailing party.' . . . Second, it determines whether the party 'should be awarded attorneys' fees,'" and if so, whether the amount sought is reasonable. *Id.* (quoting *Mr. L. v Sloan*, 449 F.3d 405, 405-07 (2d Cir. 2006)). The purpose of fee-shifting is "'to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.'" *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982)).

In determining a reasonable attorneys' fee award, the Second Circuit has held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). To calculate a reasonable fee award, the court should keep in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *See Arbor Hill*, 522 F.3d at 190. Ultimately, "[t]he reasonableness of an attorney's requested fees is a matter within the district court's discretion." *Bond v. Welpak Corp.*, 15-CV-2403(JBW)(SMG), 2017 WL 4325819, at *4 (E.D.N.Y. Sept. 26, 2017) (internal citation omitted).

Defendant does not dispute that Plaintiff is a prevailing party. *See* Def. Mem. at 1. Rather, the District argues that the hourly rates sought are too high, the hours

4

claimed are excessive and duplicative and should therefore be reduced, the fees-on-fees relating to this motion should be limited, and only properly taxable costs should be awarded. *Id.*

### B.    The Appropriate Hourly Rate

The Court initially considers the hourly rates sought by T&R. Specifically, T&R seeks the following hourly rates: $525 for partner Christina D. Thivierge, $300 for administrative hearing work for associates Katharine M. Giudice and Rose S. Nissen and $400 for the appellate work performed by the same attorneys, and $150 for paralegal Jaweria Qurashi.[1]   Pl. Mem. at 6.

To determine whether the rates requested are reasonable, the Court conducts "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko*, 433 F.3d at 209. As this Court has previously recognized, the Eastern and Southern Districts of New York comprise a "'unitary market for legal services,'" and so fee decisions from both districts are relevant to the analysis. *See Toyota Lease Tr. v. Vill. of Freeport*, 20-CV-2207(DG)(SIL), 2024 WL 3949979, at *5 (E.D.N.Y. Aug. 27, 2024) (quoting *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 10-CV-2262(DRH)(AYS), 2019 WL 2870721, at *4 (E.D.N.Y. June 18, 2019) (Report and Recommendation), *adopted by* 2019 WL 2869150 (E.D.N.Y. July 3, 2019)).

---

[1] Plaintiff's papers in support of his Motion for Attorneys' Fees spells Jaweria Qurashi's name differently throughout. *See* Pl. Mem. at 6 ("Jaweria Qarashi"); Thivierge Decl. ¶ 60 ("Jaweria Qurashi"). For the purpose of consistency, the Court utilizes "Qurashi" herein.

In applying this standard, courts should consider "all pertinent factors, including the *Johnson* factors." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). Those factors are:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the level of skill required to perform the legal service properly;

(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the attorney's customary hourly rate;

(6) whether the fee is fixed or contingent;

(7) the time limitations imposed by the client or the circumstances;

(8) the amount involved in the case and the results obtained;

(9) the experience, reputation and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*See Johnson v. Georgia Hwy Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939 (1989). In conducting the analysis, the district court does not need to make separate findings as to each factor, provided that each is taken into consideration in setting the fee. *A.G. v. N.Y.C. Dep't of Educ.*, 20 Civ. 7577(LJL), 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021). The goal in assessing the fee is to do "rough justice." *C.B. v. N.Y.C. Dep't of Educ.*, 18 Civ. 7337(CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019).

6

Applying these standards, the rates counsel seek are appropriate and consistent with recent awards in IDEA cases. *See, e.g., J.M. v. N.Y.C. Dep't of Educ.,* 23 Civ. 10002(MMG), 2025 WL 2233990, at *5 (S.D.N.Y. Aug. 6, 2025) (awarding hourly rates of $550 for the named partner and another attorney, and rates of $500, $325, $200, $185, $150, and $125 for others); *J.H. v. N.Y.C. Dep't of Educ.,* 23 Civ. 4753(AKH), 2024 WL 2330462, at *2 (S.D.N.Y. May 21, 2024) (awarding of $325 to $550 for lawyers and $125 to $200 for paralegals); *Y.G. v. N.Y.C. Dep't of Educ.,* 21 Civ. 641(AKH), 2022 WL 1046465, at *2 (Apr. 7, 2022) (awarding hourly rates of $550 to the named partner, $375, $400 and $425 for other lawyers who worked on the case, and $225 for paralegals). Moreover, the rates T&R seeks are consistent with the market. *See* Declaration of Andrew K. Cuddy, DE [26-6] ¶ 12 (his firm, the Cuddy Law Firm, P.L.L.C., charges hourly rates of $600 for senior attorneys, $400 to $550 for senior associates with three to 15 years of experience, and $375 for more junior associates); Declaration of Michele Kule-Korgood, DE [26-7] ¶¶ 19-24 (Kule-Korgood and Associates, P.C. charge hourly fees of $550 for her time, $425 for senior associates with 12 to 18 years of experience, $275 for junior associates and $150 for paralegals).

T&R named partner Christina Thivierge has been practicing in the area of special education for 25 years. Thivierge Decl. at ¶ 6. Prior to that she worked with the disabled for eight years. *Id.* at ¶ 7. She has represented hundreds of clients in proceedings similar to these in New York and across the country. *Id.* at ¶¶ 8-9. She has also given presentations and taught continuing legal education on the subject,

also across the country. *Id*. ¶¶ at 14-15. For this case, she was paid the hourly rate Plaintiff presently seeks, namely $525. *Id*. at ¶ 28.

Associate Katharine Giudice has been practicing with T&R for 12 years after working there as a law student intern. *See* Declaration of Katharine M. Giudice, DE [26-3] ¶¶ 5-6. She too has represented hundreds of clients in special education matters. *Id*. at ¶ 13. Her current hourly rate is $400, though B.Z. seeks $300 per hour for work during the administrative hearing proceedings. *Id*. at ¶¶ 19-20.

Associate Rose Nissen has been an associate with T&R for five years. *See* Declaration of Rose S. Nissen, DE [26-4] ¶ 5. She has drafted hundreds of due process complaints, litigated impartial due process hearings, and for her Plaintiff seeks the same rates as Giudice. *See id*. at ¶¶ 13-14.

Finally, B.Z. seeks a rate of $150 for paralegal work. *See* Pl. Mem. at 6.

Also relevant under *Johnson*, the case was made more complex by, as the Court recognized on summary judgment, J.Z.'s significant history of complex psychiatric problems, including bipolar-type schizoaffective disorder, major depressive disorder, and generalized anxiety disorder, all of which counsel had to understand sufficiently to work with the experts and challenge Defendant's course of conduct. *See* DE [20] at 3. Further, the litigation was put through all its phases, requiring not just assessment and pleadings, but six days of hearings with witnesses (including experts) and post-hearing briefing, resulting in a favorable outcome before the IHO. *See* Thivierge Decl. ¶¶ 42-47.

8

This ruling lead to an appeal to the SRO, reversing the IHO's decision, then an appeal in this Court resulting in summary judgment in Plaintiff's favor. *Id*. at ¶¶ 48, 51, 53. This level of success in complicated and hotly contested cases likes this convinces the Court that Plaintiff is entitled to the rates he seeks.

In reaching this conclusion, the Court acknowledges that there are other cases awarding lower hourly rates. *See, e.g.*, *E.K. & E.K. v. N.Y.C. Dep't of Educ.*, 23 Civ. 11276(LGS)(BCM), 2025 WL 2933573, at *8 (S.D.N.Y. Sept. 5, 2025) (Report and Recommendation), *adopted by* 2025 WL 2753258 (Sept. 26, 2025) (awarding $400 hourly rate to lead counsel); *S.S.(1) v. N.Y.C. Dep't of Educ.*, 23 Civ. 8913(MMG), 2025 WL 720512, at *4-5 (S.D.N.Y. Mar. 6, 2025) (awarding $410 hourly rate to lead counsel). The Court declines to rely on these and similar cases for two principal reasons. Initially, while recent decisions may shed light on market rates, these prior decisions are not binding, even when the same attorney is involved, especially where the analysis on such motions is necessarily fact-intensive. *See J.M.*, 2025 WL 2233990, at *3 (citing *S.S.(1)*, 2025 WL 720512, at *4). Moreover, these cases are distinguishable. Lead counsel in *E.K.* had far less experience than Thivierge here and the hearing there lasted less than an hour without the district presenting any witnesses. *E.K.*, 2025 WL 2933573, at *8. Similarly, in *S.S.(1)*, the underlying hearing took only one day where the department presented no case and cross-examined one witness. *S.S.(1)*, 2025 WL 720512, at *4. Accordingly, the Court concludes that these cases do not impact the analysis.

C.    **Hours Billed**

Next the Court turns to the hours billed. According to T&R's contemporaneously maintained time records, the following hours were billed: 154.6 hours for the administrative hearing; 52.4 hours for the appeal to the SRO; 80.1 hours for the proceedings in this Court; and 30.0 hours for the attorneys' fee motion—a total of 317.1 hours. *See* Thivierge Decl. ¶¶ 59-60. The vast majority of hours were billed by partner Christina Thivierge—284.7, with associates Katharine Giudice and Rose Nissen billing 11.5 and 20.5 respectively. *Id.* at ¶ 60. Paralegal Jaweria Qurashi billed 0.4. *Id.* The tasks billed are typical for litigation: file review; client and witness, including expert witness, communication; drafting and filing pleadings; disclosure of evidence; legal research and motion preparation. *See id.* ¶ 61.

The District does not take issue with any specific amount of time spent. Rather, Defendant makes a general argument, "senior counsel billed extensively for tasks the could have been delegated to associates or paralegals, such as reviewing routine correspondence, compiling exhibits, and preparing the administrative record for electronic filing, thereby inflating the fee . . . ." Def. Mem. at 7. In addition, the District argues that the time devoted to the SRO appeal and federal court litigation is excessive given the substantial overlap in the factual record and legal theories. *Id.*

Reviewing the billing records, the Court agrees that the District is entitled to certain limited deductions. For the sake of clarity, the Court makes two points: (1) despite the case law providing for "rough justice" when determining fee awards, the Court nevertheless went through the billing records line by line; and (2) none of the time spent on the tasks listed in the records is excessive. In reaching this conclusion

it is important to recognize that in certain areas of civil practice, especially those involving the civil rights of minors, the attorney-client relationship is both critical and fragile. A parent does not hire a partner to represent his child so that the work can be delegated. To maintain the attorney-client relationship, the attorney with that relationship is expected to do the work. As a result, it is not only logical, but a reality of the practice in areas such as this, that the lead partner, here Ms. Thivierge, performs the lion's share of the work. This is what B.Z. hired T&R for and this is what he got. That being said, the Court concludes that that there were certain clerical tasks that should have been delegated. Specifically, the June 20, 2022 entry for labeling supplemental disclosure should have been billed at a paralegal rate. *See* DE [26-2] at 29. The same is true for the August 12, 2022 entry for preparing mailing of a brief to the IHO. *See id*. at 32. Finally, the October 4, 2022 entry for putting together a pack and FedEx to the District and the SRO should be reduced. *See id*. at 34. With these adjustments, the Court recommends that the request for attorneys' fees be granted in the amount of $160,727.50.

As a final note on Defendant's argument that Plaintiff's request for fees on the present motion should be "sharply limited," the Court disagrees. The case law on this issue is not crystal clear. As Plaintiff points out, some courts have awarded an amount "between 8% and 24% of the award for time spent on the case itself." *G.T. v. N.Y.C. Dep't of Educ.*, 18 Civ. 11262(GDB)(BCM), 2020 WL 1516403, at *10 (S.D.N.Y. Feb. 12, 2020) (quoting *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018) (Report and Recommendation), *adopted by* 2020 WL 1503508

11

(S.D.N.Y. Mar. 30, 2020)).  Others have awarded more.  *See id.* (citing *R.G. v. N.Y.C. Dep't of Educ.*, 18 Civ. 6851(VEC), 2019 WL 4735050, at \*5 (S.D.N.Y. Sept. 26, 2019) (awarding over 50 percent of fees on the fee motion)).

Without belaboring the point, the Court finds that using this percentage assessment, while perhaps having some surface appeal, undermines the policy animating fee-shifting statutes.  The purpose of fee shifting is to incentivize attorneys to take meritorious cases that may not otherwise be financially viable.  Making the fee a function of the recovery runs counter to this purpose.  Moreover, attorneys' fees motions are cumbersome by nature, with prior decisions taking divergent points of view on what appear to be similar circumstances.  If counsel is going to present their best arguments, these decisions need to be reviewed and catalogued so as to take advantage of the helpful ones and distinguish the others.  This is a necessarily time-consuming task.  Accordingly, the Court rejects this argument and concludes that the award sought for the fees-on-fees motion for 30 hours of attorney work is appropriate.

**D.    Costs**

Finally, the Court turns to B.Z.'s claim for recoverable costs.  Under the IDEA, costs are recoverable.  *See* 20 U.S.C. § 1415(i)(3)(B); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297-98, 126 S. Ct. 2455, 2460 (2006) (recognizing that recoverable costs under the IDEA are those set forth at 28 U.S.C. § 1920 providing for recovery of costs in federal court litigation).  "The party seeking to recover costs 'bears the burden of adequately documenting and itemizing the costs requested.'" *Datiz v. Int'l Recovery Assocs., Inc.*, 15-CV-3549(DRH)(AKT), 2020 WL 5899881, at

*14 (E.D.N.Y. Mar. 12, 2020) (quoting *Ganci v. U.S. Limousine Serv. Ltd.*, 10-CV-3027(JFB)(AKT), 2015 WL 1529722, at *8 (E.D.N.Y. Apr. 2, 2015)); *see Div. 1811 Amalgamated Transit Union v. D&A Bus Co., Inc.*, 270 F. Supp. 3d 593, 628 (E.D.N.Y. 2017) ("it is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid."). "In the absence of adequate substantiation, a party is not entitled to recover costs." *Gesualdi v. Bestech Transp., LLC*, 14-CV-1110(JS)(ARL), 2022 WL 866853, at *5 (E.D.N.Y. Mar. 23, 2022) (citing *Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (declining costs in the absence of documentation); *Joe Hand Promotions, Inc. v. Elmore*, 11-CV-3761(KAM)(SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (same).

Plaintiff's submission on costs is thin. No receipts or similar documentation is provided. Instead B.Z. submits the Thivierge Declaration stating under penalty of perjury that the costs at issue were incurred—a total of $944.82, consisting of the court filing fee, the service of process fee, and copying and FedEx costs. *See* Thivierge Decl. ¶¶ 71-75. While the Court would prefer documentation in the form or receipts or invoices, ultimately the declaration suffices. *See Bencosne v. Beautiful Paradise Rest. Corp.*, 22 Civ. 1567(PGG)(SN), 2024 WL 3345687, at *11 (S.D.N.Y. Mar, 18, 2024) (holding that simply listing costs in billing entries is insufficient in the absence of "documentation, attestations, invoices, or receipts substantiating the costs").

In terms of individual costs, the Court may take judicial notice of the $402 filing fee. *See Phillips v. TraxNYC Corp.*, 21-CV-528(LDH)(MMH), 2023 WL 1987206, at *10 (E.D.N.Y. Feb. 14, 2023) ("The Court permissibly takes judicial notice of the docket notations for paid filing fees."). The cost sought for service of process, $145, is unremarkable, as are the fees for FedEx and copying. Accordingly, the Court recommends that the costs sought, totaling $944.82, be granted.

## III.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part, and that Plaintiff be awarded $161,672.32 in attorneys' fees and costs against Defendant.

## IV.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties of record by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:    Central Islip, New York
         March 13, 2026         /s/ Steven I. Locke
                                  STEVEN I. LOCKE
                                  United States Magistrate Judge